**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| TOBIE MORGAN, *et al.* | * | |
| Plaintiffs, | * | |
| | * | Case No. WMN-11-1667 |
| v. | * | |
| SAFEWAY INC., | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*  \*   \*   \*   \*   \*   \*

**MEMORANDUM**

This Memorandum and Order addresses Defendant Safeway Inc.'s ("Safeway") Motion to Compel Discovery Responses, Paper No. 18.  In compliance with Local Rule 104.8, Safeway served its Motion on Plaintiffs Tobie Morgan ("Mrs. Morgan") and Donnell James Morgan ("Mr. Morgan") (collectively, "Plaintiffs") on April 26, 2012.  Plaintiffs did not serve an opposition to the motion, and the deadline for such opposition has now passed.  Safeway filed its motion with this Court on May 29, 2012.  I have reviewed the Motion and supporting Memorandum.  No hearing is required.  *See* Local Rule 105.6 (D. Md. 2011).   For the reasons stated herein, Safeway's Motion is GRANTED IN PART AND DENIED IN PART.

Plaintiffs have sued Safeway for disparate treatment, retaliation, and loss of consortium arising out of Safeway's alleged discriminatory employment actions against Mrs. Morgan. Compl., Paper No. 2.  On December 8, 2011, Safeway served discovery requests on Plaintiffs. Plaintiffs timely provided responses to the requests, but on February 22, 2012, Safeway provided written notice of alleged deficiencies in Plaintiffs' responses.  Following a conference of

counsel, Plaintiffs agreed to provide certain supplemental information. However, Safeway alleges that responsive information and documents remain outstanding.

Specifically, Safeway requests an order compelling Plaintiffs to respond more fully to certain specific interrogatories and requests. Each item is addressed below.

### 1.     Interrogatories Nos. 1 and 2 to Plaintiffs

Safeway's first two interrogatories to both Plaintiffs request identification of Plaintiffs' health care providers during the time frame from 2008 to the present or relating to the claims in the litigation, including their full contact information, the reason for consultation, and the dates of consultation. In response, Mrs. Morgan provided the names of three physicians and one clinic, and Mr. Morgan provided the names of two treating physicians. Neither Plaintiff provided any contact information or the dates or reasons for the consultations. Safeway's interrogatories are sufficiently tailored to elicit only information likely to be of benefit in the litigation. Moreover, without the contact information for Plaintiffs' physicians (one of whom is only identified by last name), Safeway cannot conduct any investigation into Plaintiffs' alleged damages. For those reasons, Safeway's motion to compel will be granted as to Interrogatories Nos. 1 and 2.

### 2.     Document Request No. 10 to Plaintiff Tobie Morgan

Safeway's Document Request No. 10 to Mrs. Morgan requested production of documents relating to Safeway's response to or investigation of Mrs. Morgan's complaints about alleged unlawful employment practices. Mrs. Morgan's written response objected to the request and did not indicate that any responsive documents would be produced. In addition, Mrs. Morgan's written response ended abruptly mid-sentence. When counsel conferred about the facially incomplete response, Plaintiffs' counsel indicated that all responsive documents had been

produced. This Court will grant the motion and compel Mrs. Morgan to respond in full to Safeway's Document Request No. 10, either by updating the written response to reflect that all responsive documents have been produced or by producing additional responsive materials.

### 3. Document Request No. 16 to Plaintiff Tobie Morgan

Safeway's Document Request No. 16 to Mrs. Morgan requested production of information about prior lawsuits and claims to which Mrs. Morgan has been a party or a witness. Mrs. Morgan's written response objected to the request on the grounds that any such information is publicly available. When counsel conferred about the issue, Plaintiffs' counsel indicated that all responsive documents had been produced. This Court disagrees with the assertion that any responsive information would be publically available, because names of witnesses are generally not available to the public and many administrative claims are not registered in an easily accessible public database. Moreover, even publically available information might properly be the subject of a valid request for production of documents. As a result, this Court will grant the motion and compel Mrs. Morgan to respond in full to Safeway's Document Request No. 16, either by updating the written response to reflect that all responsive documents have been produced or by producing any additional responsive materials.

### 4. Document Request No. 21 to Plaintiffs

In Document Request No. 21, to substantiate claims of emotional distress, each Plaintiff was asked to provide his or her medical records for all psychological and physical conditions or illnesses. In response, Mrs. Morgan represented that she had produced all medical documentation relevant to her damages in the lawsuit. Mr. Morgan stated that he had no responsive documents. Safeway seeks to compel a more complete response.

Safeway's request, as drafted, is overbroad and extremely burdensome. It requests all medical records, including correspondence and billing statements, for both Plaintiffs over their entire lives, with no limitations or restrictions based on time frame or type of medical concern. The burden of producing this volume of records would far outweigh any likely benefit to Safeway. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). This Court therefore will deny the motion to compel a more complete response to Document Request No. 21.

### 5. Document Request No. 25 to Plaintiffs

Both Plaintiffs were asked to provide information documenting their attorneys' fees, including retainer agreements and relevant bills or invoices. Plaintiffs objected, citing attorney-client and work product privileges. However, fee agreements and billing information are not protected by privilege. *See In re Grand Jury Subpoena*, 204 F.3d 516, 520 (4th Cir. 2000); *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir. 1999) ("[T]he identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege.") (internal quotations omitted). In fact, if fees are to be sought, fairly specific information about work performed will have to be submitted to the Court pursuant to the Local Rules. *See* Appendix B: Rules and Guidelines for Determining Attorneys' Fees in Certain Cases. This Court will therefore grant Safeway's motion to compel a response to Document Request No. 25.

### 6. Cell Phone Records for Tobie Morgan

In response to several of Safeway's requests for records, Mrs. Morgan produced portions of her monthly cell phone bills for November, 2009 through February, 2010. Mrs. Morgan told Safeway that she had requested from her provider complete cell phone records from January, 2009 through April, 2010. Although Mrs. Morgan's failure to produce those records to date

might be a result of provider delay rather than any reflection of unwillingness on her part, to ensure compliance with the parties' agreement, this Court will grant the motion and compel Mrs. Morgan to produce a complete set of cell phone records from January, 2009 through April, 2010.


Dated: June 11, 2012                                      /s/
                                            Stephanie A. Gallagher
                                            United States Magistrate Judge